IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARTISSIA ANN PENN, )
        Plaintiff, )
)
v. ) 1:17CV44
)
NANCY A. BERRYHILL, )
Acting Commissioner of Social )
Security, )
)
)
        Defendant. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Martissia Ann Penn, seeks review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits ("DIB"). The Court has before it the certified administrative record[1] and cross-motions for judgment.

I.     PROCEDURAL HISTORY

Plaintiff filed applications for DIB on June 17, 2013, alleging a disability onset date of April 5, 2013. (Tr. 189-90.) The applications were denied initially and again upon reconsideration. (Id. at 114-22, 124-31.) A hearing was then held before an Administrative Law Judge ("ALJ") at which Plaintiff, her attorney, and a vocational expert ("VE") were present. (Id. at 45-77.) On September 9, 2015, the ALJ determined that Plaintiff was not

---

[1] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer. (Docket Entry 11.)

disabled under the Act. (*Id.* at 20-39.) On December 9, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision for purposes of review. (*Id.* at 1-7.)

## II. STANDARD FOR REVIEW

The scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Review is limited to determining if there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "[I]n reviewing for substantial evidence, [the Court] do[es] not re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The issue before the Court, therefore, is not whether Plaintiff is disabled but whether the Commissioner's finding that he is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Id.*

## III. THE ALJ'S DECISION

The ALJ followed the well-established sequential analysis to ascertain whether the claimant is disabled, which is set forth in 20 C.F.R. §§ 404.1520 and 416.920. *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999).[2] Here, the ALJ first

---

[2] "The Commissioner uses a five-step process to evaluate disability claims." *Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012) (citing 20 C.F.R. § 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to his [or her] past relevant work; and (5) if not, could perform

2

determined that Plaintiff had not engaged in substantial gainful activity since her onset date of April 5, 2013. (Tr. 22.) The ALJ next found that Plaintiff suffered from the following severe impairments: multi-level degenerative disc disease; arthropathy of the left pelvis, hip, femur; dextroconvex scoliosis of the mild thoracic spine; obesity; panic disorder with agoraphobia; and major depressive disorder.. (*Id.* at 22-28.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one listed in Appendix 1. (*Id.* at 28-32.)

Prior to step four, the ALJ determined Plaintiff's RFC. (*Id.* at 32-37.) Based on the evidence as a whole, the ALJ determined that Plaintiff retained the RFC to perform the exertional requirements of light work as defined in 20 CFR 404.1567(b). (*Id.* at 32.) The ALJ found that Plaintiff could

> lift twenty pounds occasionally, ten pounds frequently, can stand and walk up to six hours and sit up to six hours, each, in an eight-hour workday with normal breaks. She can occasionally engage in balancing, stooping, kneeling, crouching, crawling, and climbing of stairs and ramps, but cannot climb ropes, ladders, or scaffolds secondary to back and leg pain. [Plaintiff] is required to be able to alternate between sitting and standing at thirty minute intervals throughout the day without going off task. She should avoid concentrated exposure to workplace hazards such as moving machinery and unprotected heights. [Plaintiff] can perform frequent, but not continuous, bilateral handling and fingering. Due to depression, anxiety disorder and panic attacks, [Plaintiff] is limited to performing simple, routine, repetitive tasks in a low-stress environment with occasional decision making requirements; occasional changes in the work

---

any other work in the national economy." *Id.* A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. *Id.*

> setting; no fast production or pace work; and occasional interaction with the public and coworkers, though she can be around coworkers throughout the workday; she can respond appropriately to a supervisor.

(*Id.*) At the fourth step, the ALJ determined that Plaintiff was unable to perform any past relevant work. (*Id.* at 38.) Finally, at step five, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform such as marker, bottling line attendant, inspector, and surveillance system monitor. (*Id.* at 38-39.) Consequently, the ALJ determined that Plaintiff was not disabled from the amended alleged onset date through the decision date. (*Id.* at 39.)

## IV. ISSUES AND ANALYSIS

Plaintiff's argues, in pertinent part is that the RFC is unsupported by substantial evidence because the record lacks any analysis of the probative value evidence submitted to the Appeals Council. The Court recommends remand because the Appeals Council failed to address material evidence that contradicts Plaintiff's RFC.

### A. The Court Cannot Determine Whether the Appeals Council Considered Material Evidence Subsequently Submitted by Plaintiff After the ALJ's Decision

Citing *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011), Plaintiff contends that RFC is not supported by substantial evidence because, as opined by Dr. Lori Oakely Coe, plaintiff is limited to lifting no more than ten pounds, and the RFC allows for occasional lifting of up to twenty pounds. (Docket Entry 149 *referencing* Tr. 841.) Plaintiff submitted a handwritten note from to the Appeals Council after the ALJ's September 9, 2015 decision. (Tr. 1-7, 289,

841.)[3] It reads, in its entirety, "Patient can lift no more than 10 lbs." The ALJ did not have this information before her in concluding that Plaintiff was not disabled under the Act (Tr. 40-44), and twice noted that the record lacked evidence that a physician had imposed such a limitation (*id.* at 33, 35). However, the Appeals Council considered it and found that it "does not provide a basis for changing the [ALJ's] decision." (*Id.* at 2, 5-6.) After reviewing the record, the undersigned is persuaded that remand is proper.

The administrative scheme for handling Social Security claims permits the claimant to offer evidence in support of the claim initially to the ALJ. Once the ALJ renders a decision, the claimant is permitted to submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. §§ 404.968, 404.970(b). This new evidence is then made part of the record. The regulations, however, do not require the Appeals Council to expressly articulate the weight of the newly produced evidence and reconcile it with previously produced evidence before the ALJ. *Id.*; *Meyer*, 662 F.3d at 705-06. Instead, the Appeals Council is required only to make a decision on whether to review the case and, if it chooses not to grant a review, there is no express requirement that the Appeals Council articulate a reason for denying further review. *Meyer*, 662 F.3d at 705-06.

---

[3] Plaintiff also submitted some 116 pages of medical records. The Appeals Council made fourteen of those pages part of the record as exhibit 25F, but concluded the remainder of the new information did not relate to the relevant period.

As the Fourth Circuit recently addressed in *Meyer*, the difficulty arises under this regulatory scheme on review by the courts where the newly produced evidence is made part of the record for purposes of substantial evidence review, but the evidence has not been weighed by the fact finder or reconciled with other relevant evidence. *Id.* at 706-07. In *Meyer*, the ALJ denied benefits to a claimant based, in part, on the lack of any medical opinion from a treating physician addressing restrictions. *Id.* at 703. After the claimant submitted a medical opinion from his treating physician setting forth restrictions to the Appeals Council, the Appeals Council denied review of his case without any explanation, and the ALJ's decision became the decision of the Commissioner. *Id.* at 703–04. The district court affirmed the Commissioner's decision, but the Fourth Circuit reversed. The Fourth Circuit held that the regulatory scheme does not require the Appeals Council to explain its reasoning when denying review of an ALJ decision. *Id.* at 706.

However, the Fourth Circuit ultimately concluded that it could not tell whether the ALJ's decision was based upon substantial evidence. (*Id.* at 707.) The Fourth Circuit began its analysis of this issue by noting in the past that it had:

> affirmed an ALJ's denial of benefits after reviewing new evidence presented to the Appeals Council because we concluded that "substantial evidence support[ed] the ALJ's findings." *Smith v. Chater*, 99 F.3d 635, 638-39 (4th Cir. 1996). Conversely, when consideration of the record as a whole revealed that new evidence from a treating physician was not controverted by other evidence in the record, we have reversed the ALJ's decision and held that the ALJ's denial of benefits was "not supported by substantial evidence." [*Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991) (en banc)].

*Id.* The Fourth Circuit reasoned further that the court is not required to only affirm or reverse if it "simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here." *Id.* The Fourth Circuit also noted that:

> [t]he ALJ emphasized that the record before it lacked 'restrictions placed on the claimant by a treating physician,' suggesting that this evidentiary gap played a role in its decision. *Meyer* subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of [a consulting physician], which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence . . . .

*Id.* at 707. The Fourth Circuit observed that "no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record." *Id.* Because "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder," the Fourth Circuit concluded that it "cannot undertake it in the first instance." *Id.*

This case is sufficiently similar to *Meyer* to justify a remand. Here, no fact finder has made any findings as to Dr. Coe's opinion or has attempted to reconcile this records with the conflicting and supporting evidence in the record. In addition, here, as in *Meyer*, the ALJ emphasized that the record before her lacked any restriction by a treating physician that limited Plaintiff to lifting only ten pounds.

> The claimant testified that a doctor limited her to lifting no more than 10 pounds in either October or November of 2013 (Hearing Testimony). The claimant reported to treating physician William C. Sullivan, D.O., on January 29, 2014 that she had been placed on a 10-pount lifting limit (Exhibit 9F-2). There is no evidence of record explicitly documenting a treating physician placing such a restriction on the claimant.

7

> . . .
> [T]here is no letter or medical source statement drafted by a treating physician detailing such limitations. Such a limitation may have been made, or merely suggested, to the claimant. But without the record stating such a limitation, there is no way to know if it was for a short or limited duration or was a statement of permanent or ongoing loss of function, and thus cannot be evaluated.

(Tr. 33, 35.) Because the ALJ's repeatedly emphasized the evidentiary gap as to this limitation, this Court is unwilling to speculate as to the effect that evidence that fills this gap would have on the RFC or the ultimate disability determination. As noted in *Meyer*, assessing the probative value of competing evidence is quintessentially the role of the fact finder and this Court is not authorized to undertake the analysis in the first instance. Given the nature of this new and unreconciled evidence, it is impossible to tell whether the ALJ's decision is based on substantial evidence.

In light of the holding in *Meyer*, the undersigned is persuaded that a fact finder should consider any additional evidence and reconcile it with the conflicting and supporting evidence in the record. *Dry v. Colvin*, No. 1:13CV300, 2015 WL 4600516, at *3 (M.D.N.C. July 29, 2015) (concluding that the court could not direct a finding of disability because new evidence submitted to the Appeals Council weakened the court's reasoning that there was not a history of treatment of the plaintiff's plantar fasciitis and required additional findings to be made); *Parker v. Colvin*, No. 1:11CV746, 2014 WL 4386291, at *4 (M.D.N.C. Sept. 4, 2014) (finding that the matter required remand because it could not be determined "whether the Appeals Council considered or rejected the additional evidence in accordance with the applicable regulatory provisions, and because the additional evidence involves a competing or conflicting

opinion by a treating physician that may require reconciliation by a fact-finder"), *report and recommendation adopted* slip op. (M.D.N.C. Sept. 30, 2014); *Wilson-Coleman v. Colvin*, No. 1:11CV726, 2013 WL 6018780, at *7 (M.D.N.C. Nov. 12, 2013) (finding that the fact finder should have considered the new evidence that corroborated the findings of a another physician and helped "to fill at least part of an evidentiary gap in the record regarding [the plaintiff's] mental health treatment" and reconcile it with the conflicting and supporting evidence in the record), *report and recommendation adopted* slip op. (M.D.N.C. Dec. 16, 2016).

The Court expresses no opinion regarding whether Plaintiff is ultimately disabled under the Act and the Court declines consideration of the additional issues raised at this time. *Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763-764 n.3 (W.D. Va. 2002) (reasoning that on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted de novo).[4]

## V. CONCLUSION

After a careful consideration of the evidence of record, the Court finds that Plaintiff has established an error warranting remand. Accordingly, this Court **RECOMMENDS** that the Commissioner's decision finding no disability be **REVERSED**, and the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The

---

[4] Plaintiff also argues the ALJ erred in failing to consider the opinion of Dr. William C. Sullivan, who treated Plaintiff during a hospitalization for pneumonia. (Docket Entry 14 at 10 *referencing* Tr. 477.) The ALJ concluded that Plaintiff's pneumonia constituted a non-severe impairment because it was not expected to last for twelve consecutive months, but did not otherwise discuss or weigh Dr. Sullivan's opinion as to Plaintiff's functional limitations, or explicitly give reason for declining to do so. However, necause the Court is recommending remand, there is no need to further discuss the merits of Plaintiff's argument at this time.

Commissioner should be directed to remand the matter to the ALJ for further administrative action as set out above. To this extent, Plaintiff's motion for judgment (Docket Entry 13) should be **GRANTED** and Defendant's motion for judgment on the pleadings (Docket Entry 16) be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

February 5, 2018
Durham, North Carolina